**Jerry JERABEK, Respondent,**

v.

**CITY OF ROCHESTER, Relator,**

**Teleprompter Corporation, Respondent.**

**No. 49045.**

Supreme Court of Minnesota.

July 13, 1979.

Gerald H. Swanson, City Atty., and Kenneth R. Moen, Asst. City Atty., Rochester, for relator.

Jack Anderson, Compensation Atty., St. Paul, for Jerabek.

Van Eps & Gilmore and George R. Benton, Minneapolis, for Teleprompter Corp.

TODD, Justice.

The city of Rochester seeks certiorari review of a decision of the Workers Compensation Court of Appeals entered following our reversal of a prior decision awarding employee compensation against the city, for which he had been a firefighter for almost 25 years, but not against his part-time employer, Teleprompter, Inc. We affirm in part, reverse in part, and remand for reconsideration of the award for temporary partial disability and a specific finding concerning what loss of earning capacity was proved.

The facts relating to employee's duties for both employers were stated in our prior opinion, *Jerabek v. Teleprompter, Inc.,* 255 N.W.2d 377 (Minn.1977). In that case we held that as a matter of law employee had suffered only one myocardial infarction, on December 5, 1973, while working for Teleprompter, rather than one on that day and one on the preceding evening while on duty as a firefighter. We also were of the opinion that the court of appeals might have made improper use of the statutory presumption embodied in Minn.St. 176.011, subd. 15, after determining that the presumption should properly have disappeared because substantial evidence had been introduced to rebut it.

Following remand the court of appeals obtained further testimony from the medical witnesses and from employee. It then found that as a result of performing arduous firefighting duties on December 4, 1973, employee had suffered the myocardial infarction on December 5 and that as a result he had been temporarily totally and temporarily partially disabled for the same periods determined in its prior decision. Accordingly, as before, it awarded employee compensation against the city alone.

■ In this court the city contends that the finding that employee's disability was causally related only to his work for the city lacks evidentiary support. Dr. Stephen Hodgson, on whose opinion this finding was based, had expressed the opinion at the time of trial that employee's work for Teleprompter had precipitated, as distinguished from caused or contributed to, his heart attack. After remand he stated further that employee's exertion on December 5, in carrying a ladder was a "significant and historical event" and that his work on both days "was a factor in the development of his symptoms." He said also, however, that the work for Teleprompter had not been accompanied by significant coronary risk factors while firefighting had been accompanied by such coronary risk factors as emotional stress, exposure to smoke, and the demand for sudden increases in activity. Although the question is not entirely free from doubt, we conclude that the court of appeals correctly interpreted Dr. Hodgson's testimony as a whole as expressing the opinion that there was a causal relationship between employee's firefighting and his heart condition, but not between his part-time work for Teleprompter and his heart condition. Thus, the finding on which liability was imposed solely on the city is not manifestly contrary to the evidence and the permissible inferences therefrom, and we cannot disturb it. *Saholt v. Northwest Airlines,* 290 Minn. 393, 188 N.W.2d 772 (1971).

■ In our prior review we held that the award for temporary partial disability had been improperly made because it was not supported by a finding determining the extent of employee's loss of earning capacity. Since the award for temporary partial disability now under review was also made without such a finding, we reverse and again remand for the making of that finding. The court of appeals is directed also to review the bearing of Dr. Hodgson's testimony that employee was released on July 12 for work both at Teleprompter and the fire department on the duration of employee's claim for temporary partial disability.

Affirmed in part, reversed in part, and remanded.